## HOFLER VS. THE STATE.

On the trial of an indictment for an assault with intent to murder, the counsel for the prisoner has no right to inspect the minutes of the testimony taken before the grand jury who found the indictment.

A witness, in a criminal prosecution, may be required to answer, whether at the time of the occurrences, to which he has deposed, he was not excited by anger, or whether he had not a fight immediately before—particularly where his testimony is of minute circumstances.

And where questions are not apparently material, still they may be put on the cros-examination of a witness, by way of testing the accuracy of his statements, and that the jury may be in possession of every fact which may legitimately tend to show the true character of the transaction.

### *Appeal from the Circuit Court of Clark County.*

Hon. THOMAS HUBBARD Circuit Judge.

FOWLER & STILLWELL, for the appellant. It is the duty of the grand jury to preserve the minutes of their procedings and of the testimony given before them, which shall be delivered to the attorney for the State. *Dig.*, *chap.* 52, *sec.* 67. This is intended as a guide for the attorney in the prosecution, and it is at least a reasonable inference that it was as much the intention of the Legislature to protect the innocent as to convict the guilty. The defendant is entitled to be informed of what the proof against him will be on the trial, that he may be enabled to rebut it in defence.

The next question is the correctness of the ruling of the court in refusing to permit the witness Woods to answer the several questions. These enquiries, at least the first and last, were im-

portant to show the condition of the witness at the time, and his capability for observing correctly what passed. *Stewart vs. The State,* 19 *Ohio Rep.* 304.

Mr. Attorney General JORDAN, contra. The minutes of the testimony before the grand jury are directed to be placed in the hands of the attorney for the State, to enable him to prepare the case for the State, and not for the benefit of the person indicted. *Dig., chap.* 52, *sec.* 67.

The several questions proposed to the witness Woods were over-ruled. Randal might have been called to prove whether he was armed. If answered in the affirmative they could have had no influence on the jury. *Weaver vs. Caldwell's, Ex.,* 4 *Eng.* 339.

Mr. Justice Scott delivered the opinion of the Court.

The appellant was indicted, tried, convicted and sentenced to the penitentiary for the term of three years, upon an indictment found by the grand jury of Clark county, in the first court of which he was charged with an assault, with a deadly weapon, commonly called a pistol, with intent to murder; and in the second (with greater particularity as to the weapon, and as to the manner of making the assault) of an assault with intent to maim.

The jury found him guilty under the first court, and not guilty as to the second. He moved in arrest of judgment, and for a new trial; both of which the court below overruled; and he ap-pealed to this court, having taken his bill of exceptions setting out all the testimony, and all the several motions made by him and over-ruled by the court, to which he excepted in the progress of the cause. Of the latter, the first was a motion to permit his counsel to inspect the minutes of the testimony taken before the grand jury, by one of that body, and delivered to the attorney for the State, under the provisions of the statute, *Dig., chap.* 52, *sec.* 67 which we think was very properly overruled. The indictment, a copy of which he was entitled to, advised him of the nature

and cause of the accusation against him. This he had a right, under the bill of rights, to be informed of; but he was not entitled to demand an exhibit of the testimony by which the State expected, at the trial, to sustain this accusation.

Afterwards, having interposed the plea of not guilty, on which the State took issue, which was submitted to a jury, who it appears by the record was "duly elected, empanneled and sworn," the only witness produced on the part of the State, was one William Woods, who testified in substance, that "on election day in last August, in Clark county, he was standing near a gallery of a grocery," in front of which there was a crowd, where a fight was in progress, in which some twenty-five persons were taking sides, and making a great noise, when he saw Edwin D. Randle (the person alleged to have been assaulted) making his way into the crowd from between two houses, the grocery building and that next adjoining, and some several feet behind Randle, he saw the defendant following him, with a pistol out and cocked and drawn on Randle, and when the defendant got his pistol within eighteen inches of Randle's body, he attempted to pull the trigger, when the witness jumped and caught the defendant and attempted to fire the pistol in the air, but did not succeed in doing so. That the pistol had a cap on it, that was bright, and that when he let the defendant go, he went round on the other side of the crowd. Upon cross-examination he said both Randle and the defendant were hurrying, and that he "supposed the defendant attempted to pull the trigger from the fact that (I) he saw his finger move, it being pointed out, and he bent it towards the trigger: and that when he let the defendant go, Randle had got into the crowd.

The defendant, by his counsel, then asked the witness the following questions to wit:

1st. Were you excited from anger when this took place?

2d. Was Randle armed?

3d. Did Randle have his arms out?

4th. Did you not have a fight or a scuffle immediately before this took place?

All of which were objected to on the part of the State, and ruled out by the court, and the defendant excepted.

The State having closed, the defendant introduced as a witness one John T. Greene, who testified, that he was present at the fight mentioned by the first witness, and saw Randle come into the crowd with a small bowie knife in his hand, but did not see the defendant : that a great many persons were taking part in the fight, and many had arms out : that a good many persons were coming up during the fight, and in coming there from one quarter of the town, it was most convenient to pass between the grocery building and the house adjoining. And the defendant here rested his case.

In ruling out these questions, we think the Circuit Court erred. If it be true that the witness, at the time of the occurrence, of which he testifies, was excited from anger, or had had a fight, or a scuffle immediately before, they were circumstances legitimate for the jury to consider in weighing his testimony, which, as we have seen, was exceedingly minute in particulars. He had measured space by inches. He had testified that the cap upon the pistol was bright; that he had seen the defendant's finger pointed out, and then had seen him bend it towards the trigger of the pistol. According to human experience, there would, perhaps, be much greater probability that such minute particulars would have been accurately observed by a witness, who was cool and deliberate, than by one excited by anger, or by a fight or scuffle, in which, immediately before, he had been engaged. At any rate, it was a legitimate matter for the jury to consider as an element of the probability of the truth of the transaction deposed to, upon which it was their province to pass ; and this, whether they might conclude the witness was merely mistaken, or had wilfully sworn false. The materiality of the fact, whether or not Randle was armed, or had his arms out, does not seem so entirely apparent, yet we think that perfectly legitimate to be enquired about on cross-examination, by way of testing the accuracy of the witness' statements. Indeed the jury ought to be

35B

informed of every fact, which may legitimately tend to show the true character of the transaction and motives of the actors therein, upon which they have to pass in arriving at their verdict. And it is a great hinderance to the proper administration of criminal justice, to exclude from them such legitimate sources of light.

And as the appellant must be allowed to have a new trial, because of the error of the court below in ruling out these questions, it will be unnecessary to decide upon the point, whether or not he would also have been entitled to it, on the ground of the newly discovered testimony set out. Indeed, it would seem to be improper that we should do so ; because, we could not well discuss that question without making some observations as to that testimony, which might have some influence upon the future trial to be granted.

The judgment of the Circuit Court, therefore, in this cause, will be reversed, and a new trial awarded and all consequent orders will be made.