(41 Misc. Rep. 252.)

### STEARNS et al. v. MARR.

(Supreme Court, Special Term, Onondaga County. July, 1903.)

1. CRIMINAL CONTEMPT.

> Where workmen, after the granting of a preliminary injunction prohibiting acts of violence, threatened another workman with death if he went to work in a certain shop and shared in an assault on another workman, they were guilty of criminal contempt.

Action by Edward C. Stearns and others against William Marr, president of the Iron Moulders' Union No. 80. Application to punish for contempt of a preliminary injunction. Granted.

Edgar F. Brown, for the motion.

Dennis B. Keeler (T. E. Hancock, of counsel), opposed.

ANDREWS, J. As to the merits of the original dispute between the parties I have no knowledge. Certain truths, however, we all hold to be self-evident. With or without reason, alone or together, workmen may leave their employers. By argument or persuasion, by appeals to sympathy or prejudice, they may lead others not to take their vacant places. But here they must stop. Every man may work upon the terms that seem to himself best. If he cannot, his personal liberty is abridged. It is his right as a freeman. To protect him in this right governments and courts must use their full powers. If they fail to do so they fail in their duty. It was to enforce these everyday rules that the injunction in this action was granted. It permitted the use of all peaceful methods. It simply prohibited the use of terror or violence. It sought to prevent riot and disorder—acts made criminal by our Penal Code. It is claimed that this order was violated. The facts were in dispute, and the matter was referred to William G. Tracy, Esq., to take the evidence, and report it, with his opinion, to the court. He has done so. He finds that Otto Benz, John Lillis, and Kyram Powers have been guilty of the offenses charged.

It is said that the report is not sustained by the evidence. I cannot find that this is so. The referee was selected with care, and is as able, impartial, and fearless as could be named. He not only heard the evidence, but he saw the witnesses on the stand, and could judge of their appearance; and this is precisely one of those cases where that help is most needed to reach the truth. The findings of the referee also show care and thought. Were the evidence slighter than it is, I should still hesitate to set aside his conclusions. I find, therefore, that the three men named deliberately disobeyed the order of the court. This makes it a case of criminal contempt. The only question left is as to the proper punishment to be inflicted upon them for what they have done. Otto Benz engaged in no actual assault. But he did threaten death to a workman if that workman went again into the Stearns shop. This was done to so frighten the man to whom he spoke that he would leave his work. John Lillis was present when a workman named Thurston and one named Seip were set upon by seven or eight men and severely beaten, kicked, and pummeled, and

he incited the attack. This also was done to frighten the men away from their work. Kyram Powers was present as well, and incited this same attack. Besides this, on two previous occasions he had threatened Thurston with assault. Such being the facts, every consideration of law and order requires such a sentence as will prevent these acts in the future. An injunction is not sacred as coming from any man; but to disobey it is a serious thing, because it is disobeying the law, which, in this country, workmen themselves help to make, and should help to uphold.

An order may, therefore, be made directing:

(1) That Kyram Powers be imprisoned for the period of 30 days, and that he be fined the sum of $75.

(2) That John Lillis be imprisoned for the period of 30 days, and that he be fined the sum of $50.

(3) That Otto Benz be fined the sum of $50.

Ordered accordingly.