(53 Misc. Rep. 158.)

### PEOPLE v. KLAW et al.

(Court of General Sessions, New York County. February, 1907.)

GRAND JURY—INSPECTION OF MINUTES—RIGHTS OF PERSON INDICTED.

A person under indictment will be permitted to inspect the minutes of the grand jury, when necessary to determine whether the indictment was found, indorsed, and presented as prescribed by law, or whether there was any person present during the session of the grand jury contrary to law, or whether the indictment was found on illegal and incompetent testimony.

Marc Klaw and Abraham L. Erlanger were indicted for crime. On motion to inspect minutes of the grand jury, or for delivery to defendants of a copy of such minutes.  Granted.

Hoadly, Lauterbach & Johnson (Alfred Lauterbach, of counsel), for the motion.

Isidor Kresal, Asst. Dist. Atty., opposed.

CRAIN, J.  This is a motion for leave to inspect the minutes of the grand jury, or for the delivery to the defendants of a copy of such minutes.

The motion is made on the ground that the defendants have not been furnished with a copy of the indictment, and that the indictment must remain a secret record until the arrest and arraignment of other defendants indicted jointly with the defendants herein; that the defendants are ignorant of the circumstances or allegations or testimony upon which the indictment was predicated; that no preliminary examination was had herein before any magistrate; and that the minutes are required to enable the defendants to prepare for trial, or to plead or make such motion as they may be advised.  Sections 250, 255, 256, 258, 265, 266, 312, and 313 of the Code of Criminal Procedure are the sections to be considered on this application.  A motion to inspect the grand jury minutes may have either one of two legitimate motives, namely, first, to enable a defendant to subsequently make a motion to set aside an indictment; and, second, to enable a defendant to go to trial more fully apprised of the nature of the accusation against him than he would be if he had nothing but the indictment before him.

The first reason for granting this application is that the precedents of this court require that it should be granted.  The application involves the manner in which the discretion of the court shall be exercised in a matter of practice.  On such questions, where the authorities in the Court of General Sessions differ from those at Special Term of the Supreme Court, a judge of the Court of General Sessions will follow the authorities in the Court of General Sessions.  This is necessary to insure in the Court of General Sessions uniformity of practice.  An almost unbroken line of authorities in this court favor the granting of this application.  Among the recent cases see People v. Molineux, 27 Misc. Rep. 60, 57 N. Y. Supp. 936; Matter of Gardiner, 31 Misc. Rep. 364, 369, 64 N. Y. Supp. 760; People v. Foody, 38 Misc. Rep. 357, 77 N. Y. Supp. 943; and other cases.  Without restating the grounds upon which these and other decisions in this court rest, it is sufficient to say that such decisions rest upon unassailable grounds. A motion to set aside an indictment may be made when it is not found, indorsed, and presented as prescribed in sections 268 and 272 of the Code of Criminal Procedure, or where a person has been permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration, except as provided in sections 262, 263, and 264 of the Code of Criminal Procedure, or upon the ground that the defendant's constitutional rights have been invaded, as by finding an indictment without evidence, or wholly upon incompetent and illegal testimony.

The second reason for granting the application is that the stenographer's minutes of the grand jury are the best evidence as to whether, with respect to a particular indictment, the grand jury have or have not acted without evidence or upon illegal and incompetent testimony, and that to deprive a defendant of such minutes is in most cases to deprive him of the opportunity of learning with certainty whether there is or is not ground for moving to set aside the indictment as having been found without evidence or upon illegal and incompetent testimony. The effect of denying to a defendant a copy of such minutes is to compel him in most cases either to forego the making of a motion to set aside an indictment upon the ground mentioned or to force him to predicate it upon satisfactory surmises. It is manifestly unjust to grant a motion to set aside an indictment on the ground mentioned where the moving party brings no sufficient proof of the fact to the attention of the court, and it is equally unjust to deny it where the failure to make such proof is due to inability to procure a copy of the minutes. If the court is, therefore, not to take away from a defendant a substantial right, namely, the right to have an indictment set aside which is found without evidence or upon illegal and incompetent testimony, and is, on the other hand, not to encourage applications made upon mere surmise and unsustained by sufficient proof, it must accord to a defendant an opportunity to learn on what evidence an indictment has been found, which it can only do by giving a defendant an inspection of the grand jury minutes. Thus, in the case of People, etc., v. Steinhardt, 47 Misc. Rep. 252, at page 262, 93 N. Y. Supp. 1026, at page 1032, the court comments upon the fact that the defendant is moving the court for an inspection of the minutes upon a surmise, and then refuses to allow the defendant to inspect the minutes, upon an inspection of which he could alone move with certainty to set aside the indictment.

Considerations of public policy constitute the third reason for the granting of an application like the present, under circumstances such as are presented by the motion papers. The granting of such applications, where otherwise proper, tends to promote care in the presentation of matters to a grand jury. Grand jurymen are laymen, oftentimes more or less hurried because of personal engagements, and at times, as a result, satisfied with less evidence, or evidence of a poorer character or quality, than that required by law. As a result, it sometimes happens that, despite the utmost zeal and vigilance on the part of the district attorney, owing to haste in the grand jury room, which in itself is well meant, indictments are found upon insufficient evidence, or upon improper testimony. The granting of an application like the present in a proper case, moreover, has a tendency to prevent false swearing before the grand jury. It tends to unearth private malice, if private malice leads to wrongful criminal prosecution, and exercises a restraining influence upon witnesses commensurate with that which they are under when a case is on trial before a trial jury. The granting of an application of this kind is no invasion upon the proper secrecy of grand jury proceedings. Historically, from early time, a distinction was made between the deliberations of the grand jury on the one hand and the reception of evidence by them on the other hand.

The first, including their discussions and votes, was always required to be secret. The last, while generally secret, was sometimes public, as well as secret. In early times, when the testimony was heard in public, it was heard in open court, and was as ascertainable by the accused as by the prosecution. When received in secret, it was as hidden' from the one as the other. Gradually, and mainly that the grand jury should not be coerced by governmental influences, when such influences were conceived to be inimical to the liberties of the people, testimony was received by them in private. It was received without the presence in the grand jury room of the prosecutor for the crown, and later in this country generally without the presence of the district attorney. The first innovation was that which permitted the district attorney to be present at the taking of testimony; the next, the communication to the district attorney of the substance of the testimony, in order that therefrom he might draw the form of indictment desired by the grand jury. In 1885 provision was made for the taking of the testimony before the grand jury by a stenographer appointed in the county of New York by the district attorney, and this stenographer was required to furnish to the district attorney a copy of the minutes. This legislation resulted in more fully arming the district attorney at the threshold of the prosecution for its successful maintenance. If justice is to be done, the tendency of the courts must be to enlarge the privileges of a defendant pari passu with the growth of the power of the district attorney.

Special reasons may exist in particular cases, founded upon public policy and the interests of justice, which should lead to the denial of a motion such as is made in the present case. In certain cases it may be proper for the district attorney to bring such reasons upon his official responsibility to the attention of the court, without necessarily disclosing them in open court; and where the court, upon investigation, has reason to believe that such reasons exist, the application should be denied. The present is concededly not such a case. The district attorney has disclaimed in open court that any such reasons exist. I have examined with care the interesting brief submitted by the district attorney in opposition to this motion, the instructive brief which he used in the case of People v. Steinhardt, 47 Misc. Rep. 252, 93 N. Y. Supp. 1026, and the opinion of Mr. Justice Kenefick in that case. It is substantially upon that opinion that this motion is opposed. If I concurred in the reasoning of Judge Kenefick, I should still feel constrained, for the reason stated, not to follow the Steinhardt Case. I do not, however, concur in the reasoning in the Steinhardt Case. The reasoning in the Steinhardt Case, respecting the distinction to be drawn between a case where there has been a preliminary hearing and a case where there has been none, goes rather to the point that an inspection of the grand jury minutes should not be denied simply because there has been a preliminary hearing, and in this view I concur.

The motion should be granted, in harmony with the practice of this court, for the reasons advanced in the earlier decisions in this court, and for the additional reasons mentioned in this opinion.

Motion granted.