(71 Misc. Rep. 607.)

## PEOPLE v. WOODWARD.

(Court of General Sessions, New York County. April, 1911.)

1. CRIMINAL LAW (§ 627½*)—MINUTES OF GRAND JURY—INSPECTION.

    Before a motion for inspection of grand jury minutes, made for the purpose of predicating on such minutes a motion to dismiss an indictment, can properly be granted, some sufficient reason must be advanced in the moving papers for believing that the minutes, if furnished, would reveal grounds for granting the motion to dismiss the indictment.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1431; Dec. Dig § 627½.*]

2. CRIMINAL LAW (§ 627½*)—MINUTES OF GRAND JURY—INSPECTION.

    Where, after a plea of not guilty, an indictment for grand larceny in the first degree, based in part on defendant's voluntary testimony before the grand jury, was superseded by an indictment by another grand jury before which defendant did not appear, a motion for inspection of the minutes of the grand jury in aid of a motion to dismiss the indictment will be denied where the moving papers fail to show that the indictment was found on an insufficiency of legal evidence, or on incompetent testimony, or that defendant's statutory or constitutional rights were violated.

    [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 627½.*]

3. GRAND JURY (§ 41*)—SECRECY OF PROCEEDINGS.

    The giving of testimony by an assistant district attorney before a grand jury who found an indictment as to defendant's declaration when inter-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

rogated by the assistant district attorney before a former grand jury was not a violation of the secrecy of the proceedings of the grand jury.

[Ed. Note.—For other cases, see Grand Jury, Dec. Dig. § 41.*]

4. CRIMINAL LAW (§ 393*)—TRIAL—RECEPTION OF EVIDENCE—COMPELLING ACCUSED TO INCRIMINATE HIMSELF.
    The giving of such testimony was not objectionable as in effect compelling defendant to testify against himself.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 871–874; Dec. Dig. § 393.*]

5. CRIMINAL LAW (§ 400*)—EVIDENCE—BEST AND SECONDARY EVIDENCE.
    Such testimony was not objectionable on the ground that the stenographer's minutes were the best evidence of the declarations.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 400.*]

Robert Graham Woodward was indicted for grand larceny in the first degree. Motion for leave to inspect minutes of grand jury. Motion denied.

Moses R. Ryttenberg, for the motion.
Charles S. Whitman, Dist. Atty., opposed.

CRAIN, J. This is a motion for leave to inspect the minutes of the testimony taken by the November grand jury, on which an indictment was found on November 30, 1910, charging the defendant with the crime of grand larceny in the first degree.

It is said to be preliminary to and in aid of a contemplated motion to dismiss such indictment as found upon an insufficiency of legal evidence and upon incompetent testimony.

There was a preliminary examination of the defendant before a city magistrate. This lasted for about two months. At its conclusion, he was held to await the action of the grand jury. Subsequently he appeared, at his own request, before the September grand jury and voluntarily testified. That grand jury, after hearing him and other witnesses, indicted him on September 30, 1910. To such indictment the defendant pleaded not guilty. Thereafter that indictment was superseded by the one of November 30, 1910, above referred to. The defendant did not appear before the November grand jury, but the affidavit filed in opposition to the present motion discloses that the assistant district attorney who interrogated him when he appeared before the September grand jury gave evidence to the November grand jury respecting declarations made by the defendant when so interrogated.

[1] Before a motion for an inspection of grand jury minutes, made for the purpose of predicating upon such minutes a motion to dismiss an indictment, can properly be granted, some sufficient reason must be advanced for believing that the minutes if furnished would reveal grounds for a motion to dismiss the indictment, by disclosing, either that it was based upon an insufficiency of legal evidence, or that it was founded upon incompetent testimony, or that, in some other respect in the finding of it, the statutory or constitutional rights of the defendant were invaded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This is the effect of the reasoning in the opinion in Matter of Montgomery, 126 App. Div. 82, 110 N. Y. Supp. 793, which is binding as a matter of judicial comity upon this court, and which overrules in part and qualifies in part the decision in People v. Klaw, 53 Misc. Rep. 158, 104 N. Y. Supp. 482.

[2] Do the moving papers afford reason to believe that the grand jury minutes, if furnished, would disclose grounds upon which a motion to dismiss the indictment should be sustained? If they do, this motion should be granted. If they do not, it should be denied.

Aside from asserting his innocence, ascribing the prosecution to private malice, and averring ignorance as to what competent testimony two witnesses whom he names could have given, the defendant suggests nothing which he wishes considered as reason for believing that the grand jury indicted him upon an insufficiency of legal evidence, or upon incompetent testimony, or otherwise violated, or permitted to be violated, his statutory or constitutional rights.

So far as the two witnesses so referred to are concerned the answering affidavit explains why they were called and the substance of the evidence which they gave; and, as so stated, such evidence appears to have been relevant and competent.

[3-5] So far as appears as above stated, the testimony given by one of such witnesses, namely, the assistant district attorney who examined the defendant on the occasion when the latter voluntarily, and waiving his privilege, testified before the September grand jury, related to declarations there made by the defendant. The giving of such evidence was no infraction of the secrecy attending the proceedings of the September grand jury, nor was it objectionable as in effect compelling the defendant to testify against himself, nor upon the theory that the stenographer's minutes of the proceedings of the September grand jury would have been the best evidence as to such declarations. The only limitation upon the reception of such evidence was, as stated in People ex rel. Perkins v. Moss, 187 N. Y. 410, 428, 80 N. E. 383, 389 (11 L. R. A. [N. S.] 528) by Judge Hiscock, namely, that:

"Where use is made in a judicial proceeding of a prior declaration the entire declaration at the time made so far as relevant must be taken together * * * and the whole must stand or fall together."

There is no reason to suppose, in the light of the statement in the affidavit submitted in opposition to the motion to the effect that the proofs were substantially the same before both grand juries, that this rule of limitation was not observed. It follows that the motion must be denied.

Motion denied.