# STATE OF CONNECTICUT
## vs .
## T. FRANK HAYES, ET AL.

Superior Court      New Haven County      File #6026
(At Waterbury)

MEMORANDUM FILED JULY 14, 1938.

For appearances, see *State vs. Hayes,* 6 Conn. Sup. 215.

INGLIS, J.  It should be noted that the purpose of these motions can not be to obtain information or evidence upon which to base an attack on the validity of any indictment which has been found on the strength of that evidence.  This action was instituted, not on an indictment, but on an infor- mation, and, accordingly, theer is no indictment, for the ac- cused to attack.  The attack on the information based on claimed irregularities in the grand jury proceedings has al- ready been made in the pleas in abatement (6 Conn. Sup. 215) and motions to quash (6 Conn. Sup. 227).  On the pleas in abatement, no evidence was needed because the various ques- tions were raised by demurrer.  On the motions to quash,. none of the accused expressed any desire to offer any evidence. Moreover, those pleas in abatement and motions to quash have already been passed upon.  It is clear, therefore, that at this stage of the proceedings the minutes of the grand jury proceedings are not desired by the accused to lay the basis for an attack on the information.  On the contrary, it is ap- parent that the only purpose which could be served in throw- ing the minutes of the grand jury proceedings open to the accused is that it would enable them somewhat better to pre- pare for the trial of the case.

The law in other jurisdictions, where grand juries are used more commonly than here, seems to be uniform to the effect that it is discretionary with the Court to allow access to the

grand jury minutes where that is reasonably necessary to obtain evidence in support of a move to attack the indictment returned by the grand jury on the ground that it was illegally found, but that it is never proper where the only purpose is to assist the accused to prepare for the trial of the case itself.

Wharton, Criminal Evidence (11th ed., 1935) says, at page 1355 of volume 2: "It is also the general rule that an accused in a criminal case has no right to an inspection of the minutes of the grand jury returning the indictment against him, either before or during the trial, but this is a matter resting in the discretion of the court, and, where some special reason exists, such as to enable the accused to properly move to set aside the indictment, he may be permitted to inspect the minutes of the proceedings."

Wigmore, Evidence (2nd ed., 1923) at page 154 of volume 5, lists six cases in which the law of privilege and secrecy as to grand jury proceedings ceases to operate, to wit: (a) for the purpose of impeaching witnesses on trial by showing that they testified differently before the grand jury, (b) in prosecutions for perjury committed before the grand jury, (c) to prove the mere fact that a witness testified (and this because it is common practice under statutes to furnish the accused with a list of the witnesses against him), (d) in an action in which the plaintiff is seeking redress for defamation or malicious prosecution, (e) where the accused pleads immunity under immunity statutes on the ground that he has testified before the grand jury, and (f) where it is sought to impeach a witness by evidence of expressions of bias made by him before the grand jury. Wigmore, although he is arguing for the relaxing of the strict rule of secrecy as to grand jury proceedings, does not claim that the law is that it should be relaxed simply for the purpose of assisting the accused to prepare for trial.

Of all of the cases cited on the briefs and many others which have been examined, not a single case has been found which actually holds that the accused should be allowed to inspect the minutes of the grand jury for the purpose of preparing himself for trial. In New York, it is true that there is one case, *Peo vs. Klaw,* 53 Misc. 158, 104 N.Y.S. 482, which, purely by way of dictum, says that the minutes may be exposed to determine various facts bearing upon the validity of the indictment and also to enable a defendant to go to trial more fully prepared. But no case has been found in New

York in which inspection of the minutes was actually allowed for that purpose. The law of New York is established in *Matter of Montgomery,* 126 App. Div. 72, 110 N.Y.S. 793. That case holds that an inspection of the grand jury minutes may be had in the discretion of the Court to enable a defendant to set aside the indictment on the ground that it was not properly found, but can not be had for the purpose of assisting the defendant in his preparation for trial or for the purpose of putting the State's testimony in the hands of the defendant. And the holding of that case is approved in the opinion by Cardozo, Ch. J., in *Peo. ex rel. Lemon vs. Supreme Court,* 245 N.Y. 24, 156 N.E. 84.

Some of the cases in other jurisdictions, which hold definitely that it is improper to expose the grand jury minutes to a defendant for the purpose of permitting him the better to prepare his case for trial, are: *Hofler vs. State,* 16 Ark. 534; *Cannon vs. People,* 141 Ill. 270, 30 N.E. 1027; *Merrick vs. State,* 63 Ind. 327; *Howard vs. Com.,* 118 Ky. 1, 80 S.W. 211; *State vs. Rhoads,* 81 Ohio St. 397, 91 N. E. 186; *Havenor vs. State,* 125 Wisc. 444, 104 N.W. 116, and a long list of cases set forth in a note at 27 L.R.A. (N.S.) 558. In some of these cases, the only thing asked was permission to inspect the testimony of the accused himself before the grand jury, and that was denied. In some of the cases the situation was also that there had been no preliminary hearing before a committing magistrate, but it was held that that did not vary the rule.

In Connecticut the question as to whether the minutes of the grand jury proceedings should be opened to the accused to assist him in preparing for trial has never been decided by the Supreme Court of Errors. However, as will be pointed out in a moment, the reason for denying the right to inspect rests ultimately on the fundamental principle that proceedings before a grand jury are to be kept secret. This principle is well established in the law of this State. *State vs. Fassett,* 16 Conn. 457; *State vs. Coffee,* 56 id. 399. Indeed, *State vs. Fassett* goes so far as to say by way of dictum that the secrets of the grand jury room may not be violated even for the purpose of invalidating the indictment, but only for the purposes of prosecutions for perjury and contradicting witnesses. *State vs. Coffee,* it is true, casts some doubt on the proposition that evidence as to what transpired in the grand jury proceedings may be received only in prosecutions for perjury or to contradict witnesses and reserves the question as to whether there

may not be some other situations in which the secrets of the grand jury proceedings may be divulged. It recognizes the principle, however, that those secrets should be divulged only when necessary in the interests of justice and to secure the rights of individuals, and that is just the principle upon which all of the cases in other jurisdictions denying the right to inspect grand jury minutes in preparation for trial are decided. It is true that *Daly vs. Dimock,* 55 Conn. 579, holds that testimony taken by a coroner must be thrown open to the inspection of an accused. That however has no bearing on the present question because so far from being secret, the proceedings before a coroner are public to the extent that the statute requires the filing of the coroner's minutes with the clerk of the Superior Court and it was that requirement of the statute which formed the basis of the decision. Upon authority, therefore, it is inconceivable that the law on this subject of the right to inspect grand jury minutes is any different in Connecticut from what it is in other jurisdictions.

The reasoning by which the authorities reach the conclusion that although an inspection of the grand jury minutes may be ordered for the purpose of laying a foundation for an attack on the validity of the indictment, it should not be ordered to assist the accused in his preparation for trial is as follows: It is fundamental that proceedings before a grand jury are to be kept secret unless the interests of justice or the rights of the parties make it clearly necessary to disclose them. It is not true as has sometimes been said loosely in some of the cases and by some of the text writers that the reason for the rule of secrecy ceases after the grand jury has returned an indictment and the accused has been arrested. One of the cogent reasons for maintaining that secrecy is, as it is put in *Com. vs. Mead,* 12 Gray (Mass.) 167, 170, 71 Am. Dec. 741, "that perjury and subornation of perjury may be prevented by withholding the knowledge of facts testified to before the grand jury, which, if known, it would be for the interest of the accused or their confederates to attempt to disprove by procuring false testimony." That reason for secrecy continues to operate until the trial is over.

After all, the evidence taken by the grand jury makes up the State's case. To expose that case to the accused and thereby put him in a position where he could tamper with the State's witnesses or, knowing all of the details to which they were going to testify, manufacture evidence to overcome

the State's case, would not promote the ends of justice.

So far as the argument of fair play is concerned, the accused of course is entitled to be fairly apprised of the charge upon which he is to be tried, but fair play does not demand that he be given an exhibit of the testimony by which the State expects at the trial to sustain that charge. There is no way in which the accused may be compelled to disclose to the State in advance of the trial the evidence which he will produce on the trial. It is hardly fair play to compel the State to expose its case in full while the accused keeps secret the evidence which he intends to spring as a surprise on the trial.

The reason for permitting an inspection of the minutes for the purpose of attacking the validity of the indictment but denying it for the purpose for preparation for a trial is that in the former situation it is absolutely essential to do so for the protection of the rights of the accused, whereas in the latter it is not. If the accused is claiming that some irregularity in the proceedings invalidates the indictment, the only way in which he can substantiate that claim is by proving what the proceedings were. That can be done only by introducing in evidence the minutes of those proceedings. In such a situation the grand jury minutes are admissible as direct evidence. On the trial of the case the testimony of witnesses given before the grand jury is not admissible as direct evidence. If some of it becomes admissible to impeach the testimony of witnesses on the trial by showing that they testified otherwise before the grand jury, that may well be handled in the same way as a written statement made by the witness out of Court is handled; that is, by the Court inspecting the statement and, if it appears to be contradictory to the witness' testimony, handing it over on the trial to be introduced in evidence. If that method adequately protects the rights of a litigant as regards the contradicting of testimony of an opposing witness by showing that he has made a different statement to the opposing litigant's investigator, it will adequately protect the rights of an accused to show that a witness has made a different statement to the grand jury. In neither situation does the litigant nor the accused need to have the contradictory statement in his possession before trial in order to protect his rights.

In other words, it is not reasonably necessary for the protection of the rights of the accused, nor is it in the interests of justice, that an accused be given the minutes of the grand

jury before trial so that he may use them to prepare for trial.

This reasoning found in the cases is so forcible and convincing that it must be recognized in Connecticut as well as elsewhere as good law. It is, therefore, concluded that the law in Connecticut is that it is not proper to permit an accused person to inspect the minutes of a grand jury simply for the purpose of preparing for trial; and that is particularly true in a case such as this wherein the prosecution does not rest directly upon an indictment found by the grand jury, but rather upon an information filed by the special state's attorney upon his oath of office.

It is contended by some of the accused that the situation is somewhat different in this case from what it is in the ordinary case because, they say, the grand jury, by filing a report such as it did file with the signatures of all of the grand jurors appended thereto, published abroad all of the secrets of its proceedings and thereby itself removed therefrom the veil of secrecy. The answer to that contention is that, by each one signing the report, the grand jurors did no more than waive the right which each one had to have kept secret his vote in the grand jury room. And, so far as the report itself is concerned, that did no more than make public the grand jury's conclusions of fact or rather, more accurately, its conclusion that there was probable ground to believe that those facts existed. The report did not make public the evidence upon which the conclusions of the grand jury were based. The making public of conclusions is quite a different thing from making public the evidence upon which those conclusions were based. The grand jury had no power or right to publish the evidence even though it had attempted to do so. It had no power to waive the law of secrecy as to that evidence even though it had chosen to do so. It is the evidence taken before the grand jury that the accused desire to get at, not the grand jury's conclusions on that evidence, and there is no logic in claiming that the publication of the grand jury's conclusions in its report threw open the door to the evidence taken before the grand jury.

For the foregoing reasons all of the motions to inspect the grand jury minutes are denied.