[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS
FACTS
This lawsuit seeking possession of residential premises located in Easton, Connecticut was commenced on November 28, 1994. The plaintiff alleged on or before October 23, 1994 an oral month to month lease was entered into for the premises with the rental payments due on the 23rd of each month. The plaintiff claims that the defendant failed to pay rent on the oral month to month lease on October 23, 1994 and served a Notice to Quit dated November 17, 1994. The reasons were set forth in the Notice to Quit; "You have failed to make the monthly payment in the amount of $1,650.00 due and owing on the 23rd day of October 1994 for the period from October 23, 1994 through November 22, 1994.
The defendant Katherine Moquin has filed a motion to CT Page 466-D dismiss filing four separate reasons. She claims the notice to quit is defective in that it improperly states a claim for attorney's fees. She further claims that the notice to quit served on her is unsigned therefore is not "a true copy" of the original signed notice to quit on file with the court. Additionally she claims that the notice to quit is invalid because it fails to name or distinguish between two adult males living at the premises both named Eugene Moquin, although there is only one Eugene Moquin named in the notice to quit and complaint. Finally she claims that the notice to quit is defective on the basis that it is equivocal and ambiguous by reason of the fact of a prior notice to quit served in a previous summary process action involving the same premises.
A previous summary process action was brought by Clifford P. Bogue and Kelly A. Bogue as against four defendants, Eugene Moquin, Katherine Moquin, Eugene Moquin, Jr. and John Paul Moquin. That lawsuit involved the same premises. The notice to quit possession was served on October 25, 1994. The notice to quit claimed termination of lease by lapse of time and non-payment of rent. Eugene Moquin filed a pro se appearance and CT Page 466-E a Motion to Dismiss on November 15, 1994. In that motion he alleged four reasons why the notice to quit was invalid. The defendant filed a supporting memorandum, without argument on the Motion to Dismiss the plaintiffs withdrew the entire action. The plaintiffs did not serve notice or otherwise notify the defendant that the prior notice to quit served on October 25, 1994 was void, terminated and/or of no further force and effect. Nor did the plaintiffs send any notice to the defendants reinstating the tenancy.
GENERAL APPLICABLE LAW
A motion to dismiss shall be used to assert the lack of jurisdiction of over the subject matter. Southport ManorConvalescent Center, Inc. v. Foley, 216 Conn. 11, 12, (1990). Jurisdiction over the subject matter cannot be waived or conferred by consent. Serrani v. Board of Ethics, 225 Conn. 305,308 (1993). When deciding a motion to dismiss the courts "inquiry usually does not extend to the merits of the case".Southport Manor Convalescent Center. Inc. v. Foley, supra 16. "The motion to dismiss . . . admits all well pleaded facts . . . the CT Page 466-F complaint being construed most favorably to the plaintiff."Duguay v. Hopkins, 191 Conn. 222, 227 (1983). Subject matter jurisdiction has been defined as "the power of the court to hear and determine cases of the general class to which the proceedings in questions belong." Grant v. Bassman 221 Conn. 465,470 (1992). Every presumption favoring jurisdiction shall be indulged. Connecticut Light Power Co. v. Costle, 179 Conn. 415,421 n. 3 (1980).
A defective notice to quit deprives the court of subject matter jurisdiction. Rosato v. Keller, 5 CLT 325 p. 18.Windsor Properties v. The Great Atlantic and Pacific TeaCo., Inc., 35 Conn. Sup. 297, 301 (1979). Marrinan v. Hammer,5 Conn. App. 101, 104 (1985). "As a condition precedent to a summary process action, a proper Notice to Quit is a jurisdictional necessity." Lampasona v. Jacobs, 209 Conn. 724,730 (1989).
THE UNSIGNED NOTICE TO QUIT IS INVALID
The defendant claims that the copy of the notice to quit CT Page 466-G served upon the defendants dated November 17, 1994 was unsigned. Despite an invitation from the court to the defendant, the defendant chose not to offer any evidence. "The motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Young v.Chase, 18 Conn. App. 85, 90 (1989). The defendant chose to offer no evidence and therefore the court cannot consider evidence outside the record. Standard Tallow Corp. v. Jowdy,190 Conn. 48, 53 (1985). The court has no evidence of the service of an unsigned copy notice to quit upon the defendant and therefore the motion to dismiss is denied on those grounds.
Despite the technical reason for the denial of this, the third ground of the defendant's motion to dismiss, the court will consider the issue on its merits as if the service on the defendants of an unsigned notice to quit was properly admitted into evidence. The defendant argues that C.G.S. § 47a-23(b) requires the notice to be signed and that C.G.S § 47a-23(c) requires that a copy of the notice be delivered to each lessee or occupant. The defendant is correct in that § 47a-23(b) states "also the date and place of signing notice" be set forth in the CT Page 466-H notice to quit. The defendant is incorrect in claiming that C.G.S. § 47a-23(c) require that the copy of the notice to quit that is served on the defendant must itself be originally signed. Section 47a-23(c) only requires that "a copy of such notice shall be delivered to each lessee or occupant." There appears to be no statutory requirement that a signed copy of the notice to quit either containing an original signature from the person who executed the notice to quit or a photocopy of the signed original notice to quit to be served on the lessee and/or occupant. "An endorsed copy of the notice to quit" is to be filed with the clerk's office in order for the plaintiff to obtain a judgment for failure to appear. Connecticut GeneralStatutes § 47a-26.
The Supreme Court has already rendered a decision in this area in 1917. The unsigned notice to quit served upon the defendant in that case did inform the tenant that the notice to quit came from his lessor for the specific premises and gave notice that the tenancy was being terminated. It established a date for the tenant to quit the possession of the premises and the name of the business and business address of the landlord. CT Page 466-I In all other regards it fairly appraised the defendant of the facts contained in the notice to quit. Molzon v. Carroll,91 Conn. 642, 644-645 (1917).
In Molzon the court held that the signature on the copy of the notice to quit served on the tenant would not tell the tenant any more than the facts contained in the notice to quit and therefore the signature on the copy of the notice to quit served on the tenant was not essential to make the notice valid. This case has been cited with approval by the housing session inBarlow v. Gerald, H-507 (January 27, 1984) (Aronson, J.).
"We have often stated that we will not exalt form over substance." Brown v. Rosen, 36 Conn. App. 206, 210 (1994).
"Overtechnical formal requirements have ever been a problem of common law, leading the legislature at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection." ConceptAssociates, Ltd. v. Board of Tax Review, 229 Conn. 618, 624-625
(1994). CT Page 466-J
Furthermore, although the statutes do not specifically require that a signed copy of the notice to quit be served on the tenant or occupant that does not end the consideration of this particular matter. The Supreme Court has ruled that even in cases in which process is required to be signed and a duplicate original of the signed process is to be served on defendants, the failure to serve a duplicate original with the lack of signature being only the variance does not deprive the court of subject matter jurisdiction. Crossroad Development,Inc. v. Planning Zoning Commission of Thomaston, 210 Conn. 1,5 (1989).
Crossroads distinguished the summary process case of Lorchv. Page, 97 Conn. 66 (1921). Lorch held that the failure to serve a duplicate copy of the notice to quit on the tenant deprived the court of subject matter jurisdiction. The notice to quit statute in effect in 1921, Revision of 1875 p. 491, read "Duplicate copies of such notice shall be made, one of which shall be delivered to the lessee, or left at his place of residence, by a proper officer or indifferent person." The CT Page 466-K statute, now codified as C.G.S. § 47a-23(c) reads "A copy of such notice shall be delivered to each lessee or occupant ---". The legislature in 1969 deleted the word "duplicate" thus indicating that a signed duplicate copy of a notice to quit no longer had to be served on the tenant. The Supreme Court so stated in 1989 in Crossroads Development, Inc. v. Planning Zoning Commissionof Thomaston, supra 15.
The Motion to Dismiss on the grounds of lack of service of a signed copy of the notice to quit on the tenant is denied.
DEFECTIVE NOTICE TO QUIT CLAIMING ATTORNEYS' FEES
The notice to quit dated November 17, 1994, which supports this instant summary process action, contains a standard use and occupancy paragraph.
The paragraph states as follows:
 "Any monies accepted by the landlord subsequent to the service of this notice to quit will not be considered CT Page 466-L rental and will be applied as against use and occupancy and/or attorney's fees and costs only."
The plaintiff's complaint seeks only one claim for relief; "Judgment for immediate possession of the premises."
The defendant argues that attorneys' fees are inappropriate for the court to consider in a summary process action. WoodlandHouse Condominium, Inc. v. Morrow, H-455 (September 6, 1983) (Aronson, J.). This court agrees that a summary process action is an inappropriate forum for the court to consider the claim for attorneys' fees. Urban v. Prims, 35 Conn. Sup. 233, 236, (1979). A separate action is necessary to sue for money damages including loss of rent and/or use and occupancy, physical damages to the premises and attorneys' fees. Webb v. Ambler,125 Conn. 543, 551-552 (1939). The plaintiff in this lawsuit is seeking only the statutory remedy provided under the summary process statute of an immediate possession of the premises.Connecticut General Statutes § 47a-23. A summary process action is a creature of statute and must be strictly construed. Jo-MarkSand Gravel Company v. Pantanella, 139 Conn. 598, 600-601
CT Page 466-M (1953).
The plaintiff is only claiming the statutory remedy seeking a judgment for immediate possession. The court has subject matter jurisdiction and therefore the motion to dismiss is denied as to this ground. Southport Manor Convalescent Center,Inc. v. Foley, supra 12.
The defendant further argues that a notice to quit must be in strict compliance with the exact wording of the statute.Section § 47a-23(b) states: "The notice shall be in writing substantially in the following form." The notice to quit in this lawsuit substantially complies with the statutory form and therefore is not defective. The addition of the standard reservation of use and occupancy does not render the notice to quit defective. This use and occupancy language was approved by the Appellate Session of the Superior Court and has been followed by practitioners in the housing session for years.Zitomer v. Palmer, 38 Conn. Sup. 341, 343 (1982). CrossroadsDevelopment, Inc. v. Planning and Zoning Commission ofThomaston, supra 6. Therefore the plaintiff's arguments in this CT Page 466-N regard are classified as hypertechnical under Jefferson GardenAssociates v. Greene, 202 Conn. 128, 145 (1987) and exalt form over substance. Brown v. Rosen, supra 210. The motion to dismiss is denied as to that ground.
THE NOTICE TO QUIT IS INVALID BY FAILING TO NAME OR DISTINGUISHBETWEEN TO TWO ADULT MALES NAMED EUGENE MOQUIN
The notice to quit names Eugene Moquin and Katherine Moquin as the two individuals who were subject to the notice to quit. The lawsuit names Eugene Moquin and Katherine Moquin only as the named defendants. At oral argument the defendant Eugene Moquin argued that he has a son whose name is also Eugene Moquin a/k/a Eugene Moquin, Jr. who also occupies the premises. Without citing any authority the defendant claims failing to name all adult occupants deprives the court of subject matter jurisdiction.
In the event that Eugene Moquin, Jr. is a resident of the premises and is over 18 years of age and has not been served with a notice to quit, Eugene Moquin Jr. is not without certain CT Page 466-O rights. He may not be bound by the judgment. C.G.S. § 47a-26h.
It would also appear that Eugene Moquin, Jr. would not be evicted if he met his burden of proof under the exemption statute, C.G.S. § 47a-26h. The post judgment filing of a motion for exemption by Eugene Moquin, Jr. would prevent the issuance of a summary process execution against Eugene Moquin and Katherine Moquin. "Notwithstanding the provisions of section47a-42, no summary process execution shall be issued or enforced unless valid execution has been issued against all occupants of the premises, except that such execution may be issued and enforced, without issuing or enforcing execution against other occupants, upon a person against whom a judgment has been entered based upon the person's having conducted himself in a manner which constitutes a serious nuisance by using the premises for the illegal sale of drugs, as defined in subparagraph (D) section 47a-15." C.G.S. Section 47a-26h(c).
By statute, except under circumstances which do not apply to this case, no occupant of a premises can be subject to a summary process lawsuit unless a notice to quit has been served in accordance with C.G.S § 47a-23. No complaint can be filed CT Page 466-P unless the occupant neglects or refused to quit possession of the premises by the date set forth in the notice to quit. C.G.S.§ 47a-23(a). Therefore the plaintiffs have elected to proceed at the their own risk by naming only one Eugene Moquin. Only one execution against one Eugene Moquin can result from the service from the notice to quit and the pleadings in their current status. C.G.S. § 47a-42. Since the defendant points out no authority for her position and none of the statutes support her claim, the motion to dismiss as to the second reason is denied. The court also notes that the defendant has failed to offer any evidence concerning the status of the second adult by the name of Eugene Moquin. For the court to consider the issue, evidence concerning the date of birth and identity of the second Eugene Moquin would be necessary. Standard Tallow Corporation v.Jowdy, supra 53.
SERVICE OF A PRIOR NOTICE TO QUIT ON OCTOBER 25, 1994 RENDERSTHE CURRENT NOTICE TO QUIT VOID
A prior Notice to Quit was served on October 25, 1994. The summary process action based on that notice to quit was CT Page 466-Q withdrawn. The defendants filed a motion to dismiss alleging a defective notice to quit. The defendant claims that the service of a notice to quit is an unequivocal act which terminates the lease. Chapel-High Corporation. v. Cavallaro, 141 Conn. 407,411 (1954); Thompson v. Coe, 96 Conn. 644, 651 (1921). The defendant further argues that a lease is a contract. The termination of the lease by an unequivocal act prevents a new contract from coming into effect. When there has been no meeting of the minds as to whether or not there is a tenancy, there is no contract and thus no lease. Welk v. Bidwell,136 Conn. 603, 607 (1950).
The plaintiff claims the prior notice to quit served on October 25, 1994 is not in full force and effect because the lawsuit seeking summary process and immediate possession of the premises upon which the notice to quit was served was withdrawn on November 17, 1994. The plaintiff further argues that the notice to quit served on October 25, 1994 was invalid and therefore could not sustain a summary process action. Since the notice to quit was invalid it did not have the effect of terminating the prior tenancy and therefore the instant notice CT Page 466-R to quit is valid. City of Bridgeport v. Barbour-DanielElectronics, Inc., 16 Conn. App. 574 (1988).
The plaintiff further argues that the defendant Eugene Moquin filed a motion to dismiss dated November 16, 1994 claiming that the prior notice to quit was void for four separate reasons stated below.
1. The notice to quit was served on October 25, 1994 was too late to terminate a tenancy from the period of September 23, 1994 through October 22, 1994.
2. The notice to quit served on October 25, 1994, was too early to terminate a tenancy from October 23, 1994 through November 22, 1994 because the nine day grace period under Connecticut General Statutes § 47a-15a had not expired.
3. The notice to quit was invalid in that it demanded that the defendant move from the premises on "October 31, 1994" or "October" without stating a date or year. CT Page 466-S In any event either of those two dates were within the month which had not yet lapsed, and therefore the notice to quit is invalid.
4. The Notice to Quit is undated and in violation of Connecticut General Statutes § 47a-23(b).
There was no argument on the prior motion to dismiss. The court did not render a decision on the motion to dismiss. One day after the filing of the motion to dismiss and the supporting memorandum in support of the motion to dismiss, the plaintiff withdrew the action on November 17, 1994.
The plaintiff further claims that the defendant knew that the prior notice to quit was invalid because of the prior motion containing separate reasons of invalidity. Therefore the prior notice to quit could not render the current notice to quit equivocal since the defendant had to have understood in her own mind that the prior notice to quit was invalid and void. The plaintiff cites no authority for this argument and therefore this argument is considered abandoned. CT Page 466-T
The plaintiff further claims that the language relating to the reservation of accepting monies for use and occupancy plus the claim for attorneys' fees renders the notice to quit equivocal. For the reasons previously stated this argument does not render the notice to quit equivocal, either by statutory grounds under Connecticut General Statutes § 47a-23 or under common law grounds. This exact language has been held to be valid in prior notices to quit and this language does not render the notice to quit equivocal. Zitomer v. Palmer, supra 343.
At oral argument the plaintiff conceded that the plaintiff did not furnish the defendants on or after October 25, 1994 any notice that the tenancy was reinstated. The plaintiffs further conceded at oral argument that they did not serve or notify the defendants in the prior lawsuit including Eugene Moquin and Katherine Moquin that the notice to quit of October 25, 1994 was considered by the plaintiffs to be void and that any legal effect of the notice to quit was terminated. Therefore the plaintiffs took it upon themselves, at their own risk, that the notice to quit served on October 25, 1994 would have the legal CT Page 466-U effect of terminating the lease thereby converting the lease into a tenancy at sufferance, thus obligating the tenant to pay use and occupancy and not rent. Bushnell DevelopmentCorporation. v. Fazzano, 38 Conn. 683, 686 (1983). Therefore the plaintiffs have assumed the burden of arguing that the first notice to quit was a nullity for any number of reasons, and therefore, had no legal effect upon the tenancy. City ofBridgeport v. Barbour-Daniel Electronics, Inc, supra 579.
Both parties apparently agree as to the basic law to be applied to this situation. The first notice to quit if valid, had the effect of terminating the month to month tenancy thus converting it into tenancy at sufferance. Lonergan v.Connecticut Food Store, Inc., 168 Conn. 122, 131 (1975); Riverav. Santiago, 4 Conn. App. 608, 610 (1985). As a tenant at sufferance the defendant is not obliged to pay rent but only the fair rental value of the premises i.e. use and occupancy. Welkv. Bidwell, supra 609. Predicating a summary process action on the basis of non payment of rent when in fact it technically involved the non payment of use and occupancy would not furnish a basis for a judgment under the summary process statutes. RosaCT Page 466-Vv. Cristina, 135 Conn. 364, 367 (1949). There is no cause of action in the State of Connecticut for summary process for non payment of use and occupancy. C.G.S. § 47a-23, C.G.S. § 47a-1(h)
and C.G.S. § 47a-15a. Since the notice to quit supporting this lawsuit dated November 17, 1994 cites as its own reason the failure to make the monthly payments of $1,650.00 due and owing on the 23rd of October for period of October 23, 1994 through November 22, 1994; i.e., is non payment of rent, the court must make an independent determination of the validity of the prior notice to quit.
The second notice to quit problem was discussed in The CityBridgeport v. Barbour-Daniel Electronics Inc. In Bridgeport
the first notice to quit failed to comply with the "at least 10 day" service rule under Connecticut General Statutes § 47a-23. The Supreme Court concluded that the notice to quit, by its failure to comply with that statutory requirement, was void. This failure to comply with the statutory requirements supporting a summary process action deprived the court of subject matter jurisdiction. The Supreme Court then held that the procedurally defective notice to quit was not sufficient to CT Page 466-W terminate a tenancy. The analysis under The City Bridgeport v.Barbour Daniel Electronics Inc., was limited to the facts of that case which arose out of statutory deficiencies of a notice to quit.
The statute creating the obligation of the issuance of the notice to quit became law in 1806. Public Acts of 1806, p. 729.Lorch v. Page 97 Conn. 66, 68 (1921). Prior to 1806 there was no statutory summary process. There were common law eviction rights which existed in Connecticut so that the lessor would gain the right to terminate the lease in a manner and prescribed by common law. Hartford Wheel Club v. Travelers Ins. Co.,78 Conn. 355, 358 (1905). Common law required the landlord to take some affirmative and unequivocal action that would signify to the tenant in a decisive manner his election to terminate the lease. Read v. Tuttle, 35 Conn. 25, 26 (1868). Regardless of whether that act was a service of some document, the commencement of a lawsuit, reentry for condition broken, the token reentry of the property or the actual entry onto property, certain common law rules arose to determine whether or not the landlord's action were unequivocal and terminated the tenant's CT Page 466-X rights. Chalker v. Chalker, 1 Conn. 79, 92-93 (1814); Bowman v.Foot, 29 Conn. 331, 339 (1860); Lorch v. Page supra 72.
After the enactment of the first summary process statute in 1806, the Supreme Court had an opportunity to determine whether or not that act replaced the common law remedies of the landlord. The court determined "it supercedes none of the common law remedies of the landlord". Bowman v. Foot, supra 337. It appears that although the form of remedy may have changed by a statutory cause of action under what is now Connecticut General Statutes § 47a-23, the common law requirements essential to terminating a lease were not changed by statute. Bowman v. Foot, supra 342.
"Therefore, the conclusion is inescapable that a lease may be properly terminated irrespective of compliance with the statutory requirements of summary process laws so long as the essentials of the common law standard are complied with." Cohenv. Thorpe, 1991 Ct. Sup. 1210, 1214 (February 21, 1991) (Melville, J.) alternatively cited as 6 CSCR 231,3 Conn. L. Rptr. 691, SNBR-345. CT Page 466-Y
It is therefore the court's conclusion that the The City ofBridgeport v. Barbour Daniel-Electronics Inc., does not decide the issue of whether a statutorily defective notice to quit, which notice to quit complies with common law principles, is still void and therefore does not act to terminate the prior lease. "The mere fact that a notice is valueless as a statutory key to the summary remedy, does not necessarily effect the other common law consequences that flow from an otherwise qualified declaration of forfeiture." Cohen v. Thorpe, supra 1214; Sandrewv. Peguot Drug, Inc., 4 Conn. App. 627, 631 (1985).
The following are the common law requirements of a notice to quit.
1. A notice to quit must be issued and served in a timely fashion. Thompson v. Coe, 96 Conn. 644, 651 (1921).
2. The content of the notice must be clear and unequivocal. Bargain Mart, Inc. v. Lipkis 212 Conn. 120, 134 (1989). CT Page 466-Z
3. A Notice to Quit must clearly indicate that the plaintiff's right to terminate the monthly lease has occurred. Cohen v. Thorpe, supra 1217.
4. The plaintiff has to act decisively by exercising his right immediately or shortly after the passage of the statutory grace period. Thompson v. Coe, supra 651.
5. The notice to quit must contain no ambiguity as to which term the notice was to apply. Hartford Wheel Club v. Travelers, Ins. Co. supra 358.
An examination of the prior notice to quit issued on October 25, 1994 shows that it fails to comply with the statutory requirements in the following regard.
1. The notice to quit was undated.
2. Notice to quit served on October 25, 1994 failed to comply with Connecticut General Statutes § 47a-15a in CT Page 466-AA that the nine day grace period for paying rent due on October 23, 1994 had not passed.
Therefore under the analysis of Bridgeport v. Barbour-DanielElectronics, Inc., the prior notice to quit would be void.
Under a common law analysis the following problems appear with notice to quit:
1. The notice to quit was undated. Therefore no determination can be made as to whether the notice to quit was issued and served in a timely fashion.
2. The notice to quit was undated and therefore no determination can be made as to whether or not the plaintiff exercised his right to terminate the lease in decisive manner after the passage of the time that the rent was due.
3. With a lease commencing on 23rd of a month the issuance of a notice to quit indicating that the CT Page 466-BB tenant should vacate in October without setting a date or a year is ambiguous and equivocal.
4. So to, the stating in a notice to quit the requirement to quit possession by October 31, 1994 when the tenancy commenced on the 23rd of that month is to act indecisively and to render ambiguous a notice to quit, since the termination date is within the month of the actual tenancy.
5. The request that the defendant quit possession of the premises on October 31, 1994 where the tenancy that began on October 23, 1994 does not clearly and unequivocally exercise the plaintiff's right to terminate the monthly lease.
6. A service of a notice to quit for tenancy beginning on October 23, 1994 to quit possession on October 31, 1994 does not legally terminate the lease since the lease would terminate by its own terms on November 22, 1994 and the reason for termination of lease by lapse CT Page 466-CC of time renders the notice to quit unclear, indecisive, ambiguous and equivocal.
Therefore the notice to quit is void by reason of failing to comply with the common law requirements. Hartford Wheel Clubv. Travelers Ins. Company, supra 358; Thompson v. Coe, supra 651; Cohen v. Thorpe, supra 1217.
The notice to quit served on October 25, 1994 is void on both on statutory grounds and common law grounds and therefore did not serve to terminate the tenancy. Lonergen v. ConnecticutFood Store Inc., supra 131; Housing Authority v. Hird, 13 Conn. App. 150,155 (1988).
This court has looked anew at the validity of the October 25, 1994 Notice to Quit in deciding this issue.
The fourth reason set forth by Katherine Moquin in her motion to dismiss is denied.
The Motion to Dismiss filed by Katherine Moquin dated CT Page 466-DD December 12, 1994 is hereby denied.
BY THE COURT,
KEVIN TIERNEY, JUDGE