73 N.J. Super. 1 (1962)
179 A.2d 17
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
VINCENT DiMODICA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1962.
Decided March 12, 1962.
*3 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Frederick Klaessig argued the cause for appellant.
Mr. C. William Caruso, Legal Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, County Prosecutor of Essex County, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Defendant was indicted for robbery (first count) while armed (second count).
After trial by jury he was convicted on both counts. He appeals, charging that the record of his trial is replete with prejudicial error.
On September 6, 1958, shortly after closing hours, Donald W. Griffith, Anthony C. Belenski and Mel Byers, employees of the Good Deal Supermarket in West Orange, were held up and robbed by an armed man who made off with several thousand dollars of the store's receipts.
Defendant was not connected with the robbery for about a year and a half, when, as a result of information received by the West Orange Police, Griffith and Belenski went to *4 State Prison on April 6, 1960, and after seeing defendant in a lineup, identified him as the robber.
At the trial Griffith, Belenski and Byers positively identified defendant as the armed man who had robbed them on September 6, 1958. Defendant's defense was that of alibi. Thus, the basic issue submitted to the jury was whether or not defendant was the robber. As heretofore noted, the jury found defendant guilty.
During the course of the trial, after the direct examination of Griffith, the State's first witness, had been completed, counsel for defendant moved to exclude the State's other two identification witnesses from the courtroom during the cross-examination of Griffith. The trial court denied the application, and defendant charges that this ruling constitutes prejudicial error.
Ordinarily, in a criminal cause, a motion to exclude the State's witnesses from the courtroom prior to their actually testifying should be granted. State v. Williams, 29 N.J. 27, 46 (1960). However, the granting or denial of such a motion is for the sound discretion of the trial judge under the circumstances of the particular case. State v. Williams, supra; State v. Barts, 132 N.J.L. 74 (Sup. Ct. 1944) affirmed on opinion below 132 N.J.L. 420 (E. & A. 1945). Here, defendant's motion was not made until after the direct examination of Griffith had been completed, and was limited to excluding the other two identification witnesses during the cross-examination of Griffith. Under these circumstances the reasons underlying exclusion no longer existed to any substantial degree. Kaufman v. U.S., 163 F.2d 404 (6 Cir. 1947); People v. Winchester, 352 Ill. 237, 185 N.E. 580 (Sup. Ct. 1933). Further, defendant's argument is purely theoretical since the record does not show that there was anything brought out on cross-examination which served to "educate" the subsequent witnesses. State v. McLeod, 131 Mont. 478, 311 P.2d 400 (Sup. Ct. 1957). Because of this no abuse of discretion or prejudice to defendant has been shown.
*5 Defendant also charges that the trial court erred in denying defendant's motion for access to the grand jury testimony of State's witness Griffith for the purpose of cross-examining such witness at trial. This point grew out of the following trial incident. Counsel for defendant, during his cross-examination of State's witness Griffith, applied "for a transcript of the grand jury minutes of this witness" on the ground that the "defendant is entitled to the benefit of any contradictions or inconsistencies in this man's testimony as possible [sic] revealed by his grand jury testimony." The prosecutor resisted the application on its merits and also had this to say:
"If your honor please, there is an additional problem in a great many of these cases in that we do not take a stenographic transcript. I don't know if we have one, if the court so provides."
The trial court denied the application stating, "But in this posture of the case since there is nothing before the court indicating that he contradicted himself, I am not going to order the prosecutor to produce a transcript during the course of the trial."
Defendant argues that as a matter of right he is entitled to a transcript of the testimony before the grand jury of every State's witness so that he may explore the possibility of contradictory stories. Defendant also contends that the circumstances of the instant case demonstrate "a particularized need" for the production of the grand jury testimony.
These contentions are unsound. A defendant in a criminal trial does not have an absolute right to a transcript of the testimony of the State's witnesses before the grand jury. State v. Mucci, 25 N.J. 423 (1957), and State v. Moffa, 64 N.J. Super. 69 (Law Div. 1960), affirmed 36 N.J. 219 (1961) relied on by defendant, do not so hold. In Mucci, on the morning of trial, the State's witnesses were furnished with copies of their testimony before the grand jury which they read and discussed. Also at the trial a transcript of such testimony was in the prosecutor's possession and available for use by *6 defendant's counsel on cross-examination. Under these circumstances it was held that the grand jury testimony should have been made available to defendant. The Moffa case dealt with indictments for false swearing and procuring another to commit perjury, where the indictments arose out of testimony before a grand jury and set forth specifically the grand jury testimony. There, prior to trial, the defendant applied for a copy of such testimony. It was held that since the indictments had their genesis in the testimony before the grand jury, the defendant had a right to examine it.
Generally, grand jury proceedings are held to be secret. R.R. 3:3-7. However, the veil of nondisclosure may be lifted when the ends of justice so require. State v. Mucci, supra; State v. Moffa, supra. A defendant in a criminal case who seeks to inspect the grand jury testimony of a State's witness must make a timely application and show good cause. The granting or denial of an application to inspect grand jury testimony is within the sound discretion of the trial court. State v. Moffa, supra; 23 C.J.S., Criminal Law, § 1036(5).
In the federal system, under Rule 6(e), Federal Rules of Criminal Procedure, disclosure of matters occurring before a grand jury may be directed by the court in connection with a judicial proceeding. In interpreting this rule, it has been held that a defendant does not have an absolute right to the grand jury testimony of prosecution witnesses but must show "a particularized need" therefor. In Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323, at pp. 1326, 1327 (1959), Justice Clark, speaking for a majority of the court, said the following:
"Petitioners argue, however, that * * * upon a showing on cross-examination that a trial witness testified before the grand jury  and nothing more  the defense has a `right' to the delivery to it of the witness' grand jury testimony.
This conclusion, however, runs counter to `a long-established policy' of secrecy * * * older than our Nation itself. The reasons *7 therefor are manifold, * * * and are compelling when viewed in the light of the history and modus operandi of the grand jury. * * *
It does not follow, however, that grand jury minutes should never be made available to the defense. This Court has long held that there are occasions * * * when the trial judge may in the exercise of his discretion order the minutes of a grand jury witness produced for use on his cross-examination at trial. Certainly `disclosure is wholly proper where the ends of justice require it.' * * *
The burden, however, is on the defense to show that `a particularized need' exists for the minutes which outweighs the policy of secrecy."
Here, defendant does not claim or even suggest that there is a variance between Griffith's testimony before the grand jury and at trial. Defendant merely wants to explore the possibility. This, without more, does not establish a right to the testimony.
Defendant also claims that he demonstrated "a particularized need" for the testimony because a number of contradictions developed between Griffith's testimony at trial and the contents of his written statement made immediately after the robbery, making it important that Griffith's grand jury testimony be scrutinized. The record, however, does not support this claim. Defendant also states that he wanted to shed as much light as possible on Griffith's identification of defendant in State Prison, and that Griffith's testimony before the grand jury shortly thereafter would have greater trustworthiness because nearer in time to the actual event. This argument, however, does not demonstrate "a particularized need" for inspection of grand jury testimony. In addition, defendant waited not only until trial but until his attorney was in the process of actually cross-examining Griffith before making his motion. It does not appear that a transcript was available at that time or even that the testimony had been transcribed. What the trial court was supposed to do in such situation is not explained. Consideration of all of the foregoing circumstances, including the tardiness of the application, leads to the conclusion that the ruling by the trial court was not an abuse of discretion.
*8 Defendant has argued numerous other points, all of which have been considered and found to lack merit. The record indicates that defendant received a fair trial. There is ample credible evidence to support the finding of guilt.
Affirmed.