BRIAN M. McMAHON *v.* THE OFFICE OF THE CITY
AND COUNTY OF HONOLULU, PROSECUTING
ATTORNEY, BARRY CHUNG AS CHIEF PROSE-
CUTING ATTORNEY THEREIN, AND MICHAEL
WEIGHT, AS DEPUTY PROSECUTING AT-
TORNEY.

No. 4948.

FEBRUARY 25, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON
AND KOBAYASHI, JJ.

*Per Curiam.* Defendant McMahon petitions this court
for: (1) an order compelling the presence of a court re-
porter at any grand jury session which might indict him,
and (2) an order preventing the prosecution from present-
ing to the grand jury evidence which the District Court has
already ruled was unconstitutionally seized.

## JURISDICTION

We are faced with serious jurisdictional difficulty. Our
state constitution provides that "[t]he several courts shall
have original and appellate jurisdiction as provided by
law." Haw. Const. art. V, § 1; *see also* art. III, § 4, art. V,
§ 6. In this respect it is quite unlike the United States
Constitution art. III, § 2. *Marbury* v. *Madison,* 5 U.S.
(1 Cranch) 137, 174 (1803).

By HRS § 602-5, original jurisdiction in this court exists "in all questions arising under * * * mandamus, prohibition, and injunction directed to circuit courts, or to circuit judges, or to magistrates, or other judicial tribunals and returnable before the supreme court." This action is not, however, directed to a judicial tribunal, rather it is directed to prosecutors. Original jurisdiction of such a writ lies not here, but in the circuit court. HRS §§ 637-1, 603-22(1) and (8), *In re Pringle,* 22 Haw. 589 (1915). Therefore this court has appellate, but not original jurisdiction over this case. McMahon's petition here is original, not appellate. A petition seeking the same relief was heard (and denied) by the First Circuit Court.

Though this court denies McMahon's other request for lack of jurisdiction this court will consider the substance of the request for recording of the grand jury proceedings under our constitutional rule making power[1] and our statutory power of general superintendence of courts of inferior jurisdiction.[2]

McMahon wants to be sure that if he is indicted there will be a grand jury recording in existence so that if he is entitled to a transcript, he will be able to get it. It is unnecessary to determine now precisely what circumstances give rise to a right in defendants to have a copy of a grand jury transcript. Even under a most restrictive view, it is clear that a defendant is under some circum-

---

[1] Hawaii Const. art. V, § 6:

"The supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law."

[2] HRS § 602-4:

"The supreme court shall have the general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses therein where no other remedy is expressly provided by law."

See Territory v. Hayes, 42 Haw. 1 (1957) ; Re Edward J. Carvelo, 44 Haw. 31, 352 P.2d 616 (1959).

stances constitutionally entitled to some part of the grand jury transcript.[3]

When and if a grand jury indicts McMahon, it will be appropriate for a court to examine his right to have a copy of the grand jury transcript.

We have no difficulty in requiring that presentations of evidence to grand juries in this state shall be recorded. Otherwise there would be no remedy to make effective a constitutional right which may clearly exist.

It cannot seriously be argued that this will invade the proper secrecy of grand jury proceedings.

---

[3] Compare Dennis v. U.S., 384 U.S. 855 (1966) with U.S. v. Burr, 25 Fed. Cas. 187 at 190-192 (1807, Marshall, C.J. sitting on circuit). See U.S. v. Youngblood, 379 F.2d 365 (2d Cir. 1967) ; Loux v. U.S., 389 F.2d 911 (9th Cir. 1968).

Several state courts have granted disclosure to facilitate pretrial preparation. State v. Moffa, 64 N.J. Super. 69, 165 A.2d 219 (1960) ; State v. Faux, 9 Utah 2d 350, 345 P.2d 186 (1959) ; see also People ex rel. Lemon v. Supreme Court, 245 N.Y. 24, 156 N.E. 84 (1927, Cardozo, C.J.).

Several state legislatures have gone considerably further. See Cal. Pen. Code § 938.1 (1968 Cum. Supp.) ; Iowa Code § 772.4 (1966) ; Russell's Kentucky Practice, Rules of Criminal Procedure Rule 5.16 (2) (1969 ed.) ; Minn. Stat. Ann. § 628.41 *et seq.* (1947). Cal. Pen. Code § 938.1 provides in pertinent part:

"If an indictment has been found or accusation presented against a defendant, such stenographic reporter shall certify and file with the county clerk an original transcription of his shorthand notes and a copy thereof and as many additional copies as there are defendants. * * * The county clerk shall deliver the original of the transcript so filed with him to the district attorney immediately upon his receipt thereof, shall retain one copy for use. only by judges in proceedings relating to the indictment or accusation, and *shall deliver a copy of such transcript upon each such defendant or his attorney.*" (Emphasis added)

It is arguable that the practice sanctioned by *Dennis* is unconstitutional. Rule 6(e) provides that disclosure of matters occurring before the grand jury "may be made to the attorneys for the government." It allows disclosure "at the request of the defendant" only "when permitted by the court".

Rule 6(e) therefore directs grand juries to favor prosecutors vis-a-vis defendants. A recent line of federal and state cases establishes that it is a violation of due process (and also a violation of Canons 5 and 39) for a prosecutor to tell a witness (be he a private citizen or a police officer) not to talk to defendant's counsel.

"A criminal trial, like its civil counterpart, is a quest for truth. That quest will more often be successful if both sides have an equal opportunity to interview the persons who have the information from

"Historically, from early time, a distinction was made between the deliberations of the grand jury on the one hand and the reception of evidence by them on the other hand. The first, including their discussions and votes, was always required to be secret. The last, while generally secret, was sometimes public, as well as secret. In early times, when the testimony was heard in public, it was heard in open court, and was as ascertainable by the accused as by the prosecution. When received in secret, it was as hidden from the one as the other. Gradually, and mainly that the grand jury should not be coerced by governmental influences, when such influences were conceived to be inimical to the liberties of the people, testimony was received by them in private. It was received without the presence in the grand jury

---

which the truth may be determined. The current tendency in the criminal law is in the direction of discovery of the facts before trial and elimination of surprise at trial. A related development in the criminal law is the requirement that the prosecution not frustrate the defense in the preparation of its case. Information favorable to the defense must be made available to the defense. Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963). Reversals of convictions for suppression of such evidence, and even for mere failure to disclose, have become commonplace. It is not suggested here that there was any direct suppression of evidence. But there was unquestionably a suppression of the means by which the defense could obtain evidence. The defense could not know what the eye witnesses to the events in suit were to testify to or how firm they were in their testimony unless defense counsel was provided a fair opportunity for interview. In our judgment the prosecutor's advice to these eye witnesses frustrated that effort and denied appellant a fair trial." Gregory v. U.S., 369 F.2d 185 at 188-9 (D.C. Cir. 1966).

See Coppolino v. Helpern, 266 F. Supp. 930 (S.D.N.Y. 1967); Walker v. Superior Court, 155 Cal. App. 2d 134, 317 P.2d 130 (1957); U.S. v. McCarthy, 292 F. Supp. 937 at 943 (S.D.N.Y. 1968); See also Curran v. Delaware, 259 F.2d 707 (3rd Cir. 1958).

If a prosecutor violates due process by telling a witness not to talk to defendant's lawyer, is it not also a violation of due process for a grand jury to freely give the prosecutor a transcript of its proceedings, and deny a transcript to defendant, who then must request it from the circuit court which, if *Dennis* is followed, requires defendant to show particularized need?

It is worth noting that until the last century, the state as well as the defendant was barred from invading the secrecy of the grand jury. See People v. Klaw, 104 N.Y.S. 482 at 484-5 (1907).

room of the prosecutor for the crown, and later in this country generally without the presence of the district attorney. The first innovation was that which permitted the district attorney to be present at the taking of testimony; the next, the communication to the district attorney of the substance of the testimony, in order that therefrom he might draw the form of indictment desired by the grand jury. In 1885 provision was made for the taking of the testimony before the grand jury by a stenographer appointed in the county of New York by the district attorney, and this stenographer was required to furnish to the district attorney a copy of the minutes. This legislation resulted in more fully arming the district attorney at the threshold of the prosecution for its successful maintenance." *People v. Klaw,* 104 N.Y.S. 482 at 484-5 (1907).

*See generally* Calkins, *Grand Jury Secrecy,* 63 Mich. L. Rev. 455, 456-465 (1965); Sherry, *Grand Jury Minutes: The Unreasonable Rule of Secrecy,* 48 Va. L. Rev. 668 (1962); *Disclosure of Grand Jury Minutes to Challenge Indictments and Impeach Witnesses in Federal Criminal Cases,* 111 U. Pa. L. Rev. 1154 (1963); 81 Harv. L. Rev. 712 (1968); 43 N.Y.U.L. Rev. 194 (1968).

Therefore we should amend H.R.Cr.P. Rule 6(d), which now provides:

"Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, an official circuit court reporter *may* be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting." (Emphasis added)

Rule 6(d) is hereby amended to provide:

"Attorneys for the government, the witness under examination, and interpreters when needed, may be

594

present while the grand jury is in session. An official court reporter shall be present and shall fully record all evidence presented to the grand jury. No person other than the jurors may be present while the grand jury is deliberating or voting."

It is so ordered.

*David C. Schutter* for the petitioner.

*Michael A. Weight,* Deputy Prosecuting Attorney (*Barry Chung,* Prosecuting Attorney, with him on the brief), for the respondents.