BARRY CHUNG, Prosecuting Attorney, City and County of Honolulu, State of Hawaii, Petitioner, *v.* JOHN C. LANHAM, Judge, Circuit Court, First Circuit, State of Hawaii, and GILBERT ENOS and FLORENDO S. GUILLERMO, Respondents

No. 5322

August 17, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

The petitioner, the prosecution in the case in chief, filed a Petition for Writ of Prohibition seeking an order prohibiting the respondents, John C. Lanham, Judge of the First Circuit Court, and Gilbert Enos, also known as Gilbert K. K. Enos, and Florendo S. Guillermo, also known as Florendo Guillermo, defendants in the case in chief, from taking any steps in the enforcement of the Order Granting Discovery and Inspection, dated July 12, 1972.

An order to show cause and temporary writ of prohibition was issued by this court on July 20, 1972. A show cause hearing was held on July 27, 1972.

618

Respondent Guillermo filed a motion for discovery and inspection in the trial court and respondent John C. Lanham ordered the prosecution to furnish to Guillermo's attorney the following:

1.   Copies of all written or oral, but recorded, statements, admissions or confessions made by the defendant and co-defendant, whether signed or unsigned, to police officers and all other persons;

2.   A list containing the names and addresses of all persons known to the government who were witnesses to the making of any statement, admission or confession by the defendant;

3.   A list containing the names and addresses of all persons known to the government to have information relevant to the crime charged, except privileged informers;

4.   Copies of the record of any prior criminal convictions of the defendant, if the police refuse to furnish the same to the defendant or his attorney;

5.   Any additional material or information which may be exculpatory in nature within the meaning and intent of *Brady v. Maryland*, 373 U.S. 83 (1963); and

6.   An inventory of everything which was taken from the defendant and co-defendant during and after the time of arrest in the above-captioned matter.

The petitioner does not contest paragraphs 2 and 4 of respondent Lanham's order. Neither does he contest the following portions of respondent Lanham's order, to-wit:

A.   Paragraph No. 1:

Copies of all written or oral, but recorded, statements, admissions or confessions made by defendant Guillermo, whether signed or unsigned, to police officers.

B.   Paragraph No. 6:

An inventory of everything which was taken from the defendant during and after the time of arrest.

The petitioner does contest the remaining parts of respondent Lanham's order which we will take in seriatim:

A.  Paragraph No. 1:

We are of the opinion that a permanent writ of prohibition must issue on the remaining portions of paragraph No. 1 to which petitioner has objected.

Under a strict construction of the Hawaii Rules of Criminal Procedure we are of the opinion that the defendant in a criminal case is not entitled to enjoy a "fishing expedition" and "pick over the prosecution's files".

HRCrP 17(h) (1) reads as follows: "No statement or report in the possession of the State which was made by a government witness or prospective government witness (other than the defendant) to an agent of the government shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial."

The rule is crystal clear and does not permit either by subpoena, discovery or inspection the divulging of co-defendant's statements, admissions or confessions made to police officers (especially under the posture of the instant case) or to "all other persons". The rule does not permit either by subpoena, discovery or inspection the divulging of defendant's statement, admissions or confessions to "all other persons" as ordered by respondent Lanham.

An order of production by the trial judge is proper only if it meets the following requirement of HRCrP 17(h) (2):

"After a witness called by the State has testified on direct examination, the court shall, on motion of the defendant, order the State to produce any statement (as hereinafter defined) of the witness in the possession of the State which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use."

Limitation thereof is clearly stated in HRCrP 17(h) (3) and the word "statement" of a witness is defined in HRCrP 17(h) (5).

Thus HRCrP 17, read as a whole, strictly limits the trial court's power to prescribe a broad order of production, discovery and inspection against the prosecution.

The question of severance has been raised prematurely by respondent Lanham and has no efficacy in the instant case.

B.   Paragraph No. 3:

A writ of prohibition must issue on the total of paragraph No. 3.

Respondent Lanham explains his reasons for granting paragraph No. 3, to-wit: "[S]o that we may get the whole truth before the Court. . . . This is so he (the defendant) may investigate the affairs of the case . . . ."

It is commendable and necessary that the court gets the "whole truth" but that principle cannot be allowed to be a vehicle wherein the prosecution is required, in essence, to investigate and prepare defendant's case besides its own case. The court's order, herein, is so overly broad that we are unable to find any principle of law that can give sanction to such an order. The prosecution is placed under an unbearably weighted scale of justice.

C.   Paragraph No. 5:

Petitioner's objection to paragraph No. 5 is not well taken. Though the phrasing of paragraph No. 5 in the use of the words "may be" exculpatory in nature by respondent Lanham appears on the surface to broaden the scope of *Brady v. Maryland,* 373 U.S. 83 (1963), the paragraph definitely is restricted to the "meaning and intent of" *Brady, supra,* and no more. *See Moore v. Illinois,* 40 U.S.L.W. 5071 (U.S. June 29, 1972).

D.   Paragraph No. 6:

The writ of prohibition must issue and the petitioner is not required to supply to respondent Guillermo "an inventory

of everything which was taken from the co-defendant during and after the time of arrest".

Respondent Guillermo has failed to show the materiality of such an inventory in the defense of the charge existing against him. HRCrP 16.

The petition of the prosecuting attorney will be granted in accordance with this opinion. An order conforming with this opinion will be issued directing Judge Lanham to set aside his order of July 12, 1972.

*Douglas L. Halsted,* Deputy Prosecuting Attorney, for petitioner.

*Robert Jaress,* Deputy Attorney General, for respondent Judge Lanham.

*Charlotte Libman,* Deputy Public Defender, for respondent Guillermo.

CONCURRING AND DISSENTING OPINION OF LEVINSON, J.

I concur in that portion of the opinion of the court which relates to paragraphs 3 and 5 of the circuit court's order granting discovery and inspection. I also concur in the majority's holding that HRCrP, Rule 17(h) proscribes pretrial discovery of all written or oral, but recorded, statements, admissions or confessions made by the defendant and co-defendant, whether signed or unsigned, to all persons other than police officers. *State v. Kahinu,* 53 Haw. 536, 498 P.2d 635 (1972). As to the remainder of the opinion of the court, I dissent.

The majority's statement that HRCrP, Rule 17(h), "read as a whole, strictly limits the trial court's power to prescribe a broad order of production, discovery and inspection against the prosecution" is both unfortunately hyperbolic and subversive of our recognition in *McMahon v. City and County of Honolulu,* 51 Haw. 589, 592 n.3, 465 P.2d 549, 551 n.3 (1970) that the " 'current tendency in the criminal law is in the direction of discovery of the facts before trial and elimination of surprise at trial.' " HRCrP, Rule 17(h) limits only the power of the trial court to order untimely discovery of statements and reports of government witnesses or pros-

pective government witnesses; it leaves the court's power to order discovery and inspection under HRCrP, Rule 16 unaffected in any other respect.

I confess that I am mystified by the majority's holding that HRCrP, Rule 17(h) "is crystal clear and does not permit either by subpoena, discovery or inspection the divulging of co-defendant's statements . . . (especially under the posture of the instant case) . . . ." If co-defendant Enos is not a government witness or a prospective government witness, then HRCrP, Rule 17(h) has no application to the discovery of any statement which he may have made. The record is devoid of any indication that Enos is a prospective government witness. Indeed, he cannot be compelled to testify.

I find incontrovertible Respondent Guillermo's argument that discovery of any statement made by his co-defendant is a necessary precondition to determining the propriety of a motion for relief from prejudicial joinder, *i.e.*, severance, under HRCrP, Rule 14. It is violative of a defendant's right of confrontation under the sixth and fourteenth amendments of the United States Constitution and Article 1, section 11 of the Hawaii Constitution for the incriminating extra-judicial statement of a co-defendant to be admitted in evidence without giving the defendant an opportunity to cross-examine the co-defendant. *Bruton v. United States*, 391 U.S. 123, 126 (1968). But the court's power to grant a severance is discretionary, and a defendant must make a strong showing of prejudice in order to obtain relief. *Gorin v. United States*, 313 F.2d 641, 645 (1st Cir. 1963), *cert. denied*, 379 U.S. 971 (1965). *United States v. Patterson*, 455 F.2d 264, 266 (9th Cir. 1972). How can defendant Guillermo be expected to make such a strong showing if he is not permitted to inspect his co-defendant's statement?

Nevertheless, the majority holds that the "question of severance has been raised prematurely by respondent Lanham and has no efficacy in the instant case." I can only conclude that the majority was persuaded by the following argument of the petitioner contained in his Memorandum of Law in Support of Petition for Writ of Prohibition at pages

6 and 7:

> [T]he proper procedure to resolve severance problems is set out at Section 2.3 of the American Bar Association Standards Relating to Joinder and Severance. . . .

> . . . The procedure set out in the Minimum Standards should be followed. If Defendant GUILLERMO is serious about severance, he is entitled to have his case heard; however, he has no carte blanche to inspect a co-defendant's statement simply to determine whether he should move for severance. Indeed, Section 2.3(c) makes it clear that a motion for severance will, in most instances, be made prior to inspection of statements of co-defendants:

>> When such information would assist the court in ruling on a motion for severance of defendants, the court may order the prosecuting attorney to disclose any statements made by the defendants which he intends to introduce in evidence at the trial.

The petitioner is guilty either of a deliberate misrepresentation to this court, in which case he has violated Standard 2.8(a)[1] of the ABA Standards Relating to the Prosecution Function and the Code of Professional Responsibility, DR 1-102(A) (4)-(5),[2] or of alarmingly and inexcusably sloppy research, in which case he may be in violation of Code of

---

[1]ABA Standards Relating to the Prosecution Function § 2.8(a) (Approved Draft, 1971) provides:

It is unprofessional conduct for a prosecutor intentionally to misrepresent matters of fact or law to the court.

[2]DR 1-102 provides in pertinent part:

(A)   A lawyer shall not:

.   .   .   .

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation,

(5) Engage in conduct that is prejudicial to the administration of justice.

.   .   .   .

Professional Responsibility, DR 6-101(A) (2).[3] The petitioner correctly quotes Standard 2.3(c), as amended in ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance (Supp. 1968). He neglects, however, to cite that portion of the commentary to Standard 2.3(c), at 4-5, which flatly contradicts his suggestion that a defendant's motion for severance must precede discovery of his co-defendant's statement:

> The statement, even though admissible against only one defendant, should be subject to discovery before trial by all joined defendants. In this way, *counsel for other defendants will be in a position to move for severance* before trial under section 2.3(a) (where the statement names other defendants) or under section 2.3(b) (where the statement does not name other defendants), and to present argument to the court on the basis of the precise wording of the statement. Likewise, counsel will also be in a position to argue that a proposed editing of a statement under section 2.3(a) (ii) is not sufficient to remove the prejudice to his client. (Emphasis added.)

Lest there be any doubt as to the position of the American Bar Association, the commentary to Standard 2.1 of the ABA Standards Relating to Discovery and Procedure Before Trial (Approved Draft, 1970), at 61, contains the following:

> The requirement that the defendant be allowed to inspect statements made by a codefendant rests on different grounds, which make it even more imperative that there be pretrial disclosure. In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that it was constitutional error to try one defendant under conditions

---

[3]DR 6-101 provides in pertinent part:

(A)   A lawyer shall not:

. . . . .

(2) Handle a legal matter without preparation adequate in the circumstances.

. . . . .

where a codefendant's statement implicating the first defendant was before the jury, even under careful instructions that the statement was only admissible against the codefendant. If an adequate motion for severance is to be made or if the question of whether the codefendant's statement can be altered to remove the prejudice is to be decided at the appropriate time, it is clear that defense counsel must be able to examine it before trial. See *ABA Standards, Joinder and Severance* § 2.3 (Approved Draft, 1968).

It is equally clear to me that defendant Guillermo is entitled to an inventory of everything which was taken from co-defendant Enos during and after the time of arrest. Guillermo need not, as the majority suggests, show the materiality of such an inventory. The majority is confused by the requirement of materiality as a precondition to inspection of books, papers, documents, and tangible objects contained in HRCrP, Rule 16. Guillermo is not requesting inspection of these items themselves, but only an inventory of them as a means of ascertaining their materiality. To deny Guillermo's request is to give further rein to Catch 22.