THE PEOPLE OF THE TERRITORY OF GUAM
Plaintiff-Appellee

v.

JOSEPH GARRIDO, ANTHONY K. CRUZ
ROLAND J. BURKHART and WILLIAM T. PANGELINAN
Defendants-Appellants

Criminal Nos. 79-00017A
79-00021A and 79-00022A
District Court of Guam, Appellate Division
October 15, 1979

- - - - -

- - - - -

DUENAS, District Judge; LAURETA, District Judge; HEFNER, Designated Judge

## OPINION

PER CURIAM:

This is a consolidation of interlocutory appeals taken from the Superior Court's denial of appellants' Motions to Dismiss indictments brought against them by the Territorial Grand Jury on February 8, 1979. At issue are alleged irregularities occurring during grand jury proceedings consisting of discussions being held off-the-record.

We hold that off-the-record discussions such as occurred here are prohibited in grand jury proceedings, and accordingly vacate the judgment of the Superior Court. The off-the-record discussions being sufficient grounds for reversal, we decline to reach the other issues raised in this consolidated appeal.

Indictments dismissed without prejudice.

The general rule regarding the recording of grand jury proceedings is that, in the absence of statute, the grand jury is not required to transcribe or record the proceedings brought before it. See, e.g. Robinson v. State of Alaska, 489 P.2d 1271 (1971), United States v. Trenary 473 F.2d 680 (1973). "Though recordation of grand jury testimony is the better practice and is required by judicial order, such recordation is not mandated by (the United States) Constitution." United States v. Perkins, 383 F.Supp. 922 (1974).

The departures from this rule and the variations thereof are many. In some jurisdictions it is required by statute that minutes of grand jury proceedings are to be kept, but are not to be revealed or to be made available, except to the court, prosecuting attorney, and persons to whom the court grants permission to inspect them, and, in the last instance, only upon notice to and after hearing the prosecuting attorney. 38 C.J.S. Grand Juries §43 (1943). Elsewhere, a court may require production of minutes of grand jury proceedings upon a showing that there is a particularized need or compelling necessity for such disclosure. In re Grand Jury Investigation, 32 F.R.D. 175 (1963), cert. den. 84 S.Ct. 25 (1963).

It has been held in at least one jurisdiction that a criminal defendant is under certain circumstances constitutionally entitled to some part of a grand jury transcript, and that under its rule-making power a court may amend existing Criminal Procedure Rules to require the recording of all evidence before the grand jury. McMahon v. Office of City and County of Honolulu, 465 P.2d 549 (1970).

151

Some state legislatures have gone further than granting disclosure to facilitate pretrial preparation. For example, California Penal Code, §938.1, cited in McMahon, supra, provided in pertinent part:

"If an indictment has been found or accusation presented against a defendant, such stenographic reporter shall certify and file with the county clerk an original transcription of his shorthand notes and a copy thereof and as many additional copies as there are defendants. * * * The county clerk shall deliver the original of the transcript so filed with him to the district attorney immediately upon his receipt thereof, shall retain one copy for use only by judges in proceedings relating to the indictment or accusation, and shall delivery a copy of such transcript upon each such defendant or his attorney."

The law in the Territory of Guam provides for equally liberal recordation and disclosure of grand jury proceedings, including the affirmative duty of delivering a copy of the original transcript to each defendant or his attorney. Similar to the provisions of the California Penal code cited in McMahon are those incorporated in Guam Criminal Procedure Code, § 50.38:

"Section 50.38.
(a) If an indictment is returned against a defendant, the reporter shall transcribe the grand jury proceedings and shall certify and deliver to the clerk of the court the original transcript and a copy thereof for the prosecuting attorney and each defendant. The reporter shall complete such certification and delivery within ten days after the indictment is returned unless the court for good cause makes an order extending time. The clerk shall file the original transcript and immediately deliver a copy to the prosecuting attorney and to each defendant or his attorney. However, no copy shall be delivered to a defendant prior to his first appearance pursuant to Section 45.30. If the copy of testimony is not served as provided in this section the court shall on motion of the defendant continue the trial to such time as may be necessary to secure to the defendant receipt of a copy of such testimony ten days before such trial.

(b) The transcript shall not be open to the public until ten days after the delivery to the defendant or his attorney. Thereafter the transcript shall be open to the public unless the court orders otherwise on its own motion or on motion of a party pending a determination as to whether all or part of the transcript should be sealed. If

152

the court determines that there is a reasonable likelihood that making all or any part of the transcript public may prevent a fair and impartial trail, that part of the transcript shall be sealed until the defendant's trial has been completed.

Thus, it is required in Guam that a transcript be made and that copies be provided for both the prosecuting attorney and each defendant. This being the law, we find merit in appellants' claim of possible prejudice arising from the failure of the Territorial Grand Jury to record all of the proceedings before them.

The record on appeal does not disclose the contents of the discussion held off the record, or the circumstances attendant to that discussion.

The government maintains that the indictments should not be dismissed because of two off-the-record discussions in the absence of a showing as to the nature of the discussions and prejudice accruing to the appellants. It is the government's impropriety in the proceedings as well as the prejudice resulting therefrom. But the statute is explicit in its statement that the grand jury proceedings are to be recorded, and no allowance is made for off-the-record discussions during the course of the grand jury proceedings. Granted, we are not able to say with any certitude that appellants were in fact prejudiced by these discussions. But we are not willing to speculate that they were not, nor should a defendant be asked to guess and be burdened with proving that he was.

There is a certain danger in allowing off-the-record discussions to occur at any time and under any circumstances during official grand jury proceedings. If such discussions are allowed, it would be impossible for the defendant, or for a court sitting in review of alleged impropriety in the proceedings, to determine with specificity what testimony or other statements were considered in the return of an indictment. In People v. Pipes, 179 Cal. App. 2d 547 (1969), referring to the California statute which was in effect at the time of certain grand jury proceedings and the defendant's request for a copy of such proceedings, the court noted:

> ". . . that nowhere in the statute was it stated that only such testimony before a grand jury which was used as the basis for the return of the indictment should be reported and transcribed; that a defendant who has been indicted by a grand jury is entitled to have a transcript of the testimony of all witnesses who testified before it during the course of an investigation which culminated in the indictment; and that any evidence produced before and

153

considered by the grand jury in returning and indictment must be reported and transcribed, and a copy thereof given to the defendant; and that it is not for the grand jury or the court to determine what testimony taken in the course of an investigation of a criminal cause was considered in returning an indictment respecting such cause."

The language of the court in Pipes is equally appropriate to the matter now on appeal before this Court.

The better practice is to record all proceedings had before the grand jury. In this respect, a 1977 decision from the Court of Appeals of Arizona is particularly instructive. In Wilkey v. Superior Court, 566 P. 2d 327 (1977), the court held that:

(1) all grand jury proceedings are to be recorded, except jury's deliberation but recording during formal recess is not required if recess is actually a hiatus in proceeding is which jurors do not discuss case with other; (2) no conversation is to be allowed between jurors and witnesses during recess; (3) no off-the-record conversation is to be allowed between jurors and prosecutors regarding the case or any legal aspect of it and (4) all actions of the prosecutor and jurors should be susceptible to review to insure defendant an impartial, just and unbiased hearing.

We adopt the holding of Wilkey. Further, while we are not aware of the nature of the off-the-record discussions, we find it necessary to add that, although it is the role of the prosecutor to draw such indictments as the grand jury directs, he may not give advice as to the sufficiency or insufficiency of the evidence in any matter, nor may he in any way seek to influence the grand jury to find or not to find any indictment, nor may he take part in any of the grand jury's deliberations, as these are all matters wholly within the exclusive province of the grand jury.

Too often grand juries are criticized for being mere rubber stamps of the prosecution. Off-the-record discussions may lend credence to such criticism. The integrity of the grand jury system, however, is certainly enhanced by keeping the entire proceeding a matter of record.

154

For the above reasons, we dismiss without prejudice the indictments brought against appellants by the Grand Jury on February 8, 1979.

INDICTMENTS DISMISSED WITHOUT PREJUDICE.

SO ORDERED.